

# THE ATTORNEY GENERAL
# OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

June 8, 1950.

Hon. George B. Butler, Chairman
Board of Insurance Commissioners
Austin, Texas                    Opinion No. V-1070.

Re: The eligibility of shares
of stock of incorporated
"open-end management in-
vestment companies" as in-
vestments for funds of
Texas insurance companies
under Articles 4706 and
4725, V.C.S., in reconsid-
eration of former Opinion
No. 0-3015.

Dear Sir:

     Your request for an opinion asks whether or
not the shares of so-called "open-end" investment com-
panies are eligible for investment by insurance compa-
nies under Articles 4706(d) and 4725, Section 3, Vernon's
Civil Statutes, if such company is (1) solvent, (2) in-
corporated, (3) dividend-paying, and (4) has not default-
ed in the payment of any of its obligations for a period
of five years immediately preceding the date of the in-
vestment. You call our attention to Opinion No. 0-3015,
rendered January 22, 1941, with the following statement:

     "This opinion /0-3015/ concerns the eli-
gibility of shares in the following companies,
as investments for Texas insurance companies:
Massachusetts Investors Trust, Hamilton Trust,
and Boston Fund. I am informed that there are
some 87 open-end investment companies whose op-
erations are substantially the same as those
enumerated above.

     "It can be determined that at least some
of these 87 companies are solvent, dividend-
paying corporations which have not defaulted
in the payment of any obligation within five
years immediately preceding the date on which
they offer their shares as investments to Texas
insurance companies. These companies purchase,
and hold for investment purposes, stocks, bonds,

and like securities of other corporations. They value their own shares at stated intervals by calculating the liquidating value of all securities held by them and dividing this value by the number of their own shares outstanding. Thus they arrive at the liquidating value of their own shares and offer them for sale at this price plus a small loading. At the time of sale, the company agrees to repurchase its own shares at their liquidating value.

"In view of the amendments made to Articles 4706 and 4725 and in order that this department may follow a consistent policy in approving investments for Texas insurance companies, it is respectfully requested that Opinion No. O-3015 be reconsidered and that the following inquiry be answered:

"Do the shares or certificates of an open-end investment company qualify as legal investments under Article 4706(d) and 4725, Section 3, if such company is (1) solvent, (2) incorporated, (3) dividend-paying, and (4) has not defaulted in the payment of any of its obligations for a period of five years immediately preceding the date of the investment?

"For your convenience, we are enclosing some pamphlets which describe the operations of certain open-end investment companies."

Article 4706 provides, in part:

"No company, except any writing Life, Health and Accident Insurance, organized under the provisions of this Chapter, shall invest its funds over and above its paid-up capital stock in any other manner than as follows:

" . . .

"(d) 1. In the stocks, bonds, debentures, bills of exchange or other commercial notes or bills and securities of any solvent dividend paying corporation, incorporated under the laws of this state, or of the United States, or of

any state, which has not defaulted in the payment of any of its obligations for a period of five (5) years, immediately preceding the date of the investment; . . .

"2. The surplus funds of such insurance companies may be invested in the stocks, bonds or debentures of any solvent corporation organized under the laws of this state, or of the United States, or of any state.

"3. Notwithstanding any and all provisions of sub-divisions 1 and 2 of this section (d), no such insurance company shall invest any of its funds. . . in any stock on account of which the holders or owners thereof may, in any event, be or become liable to any assessment, except for taxes."

Article 4725 provides, in part:

"A life insurance company organized under the laws of this State may invest in. . . the following securities, and none others, viz:

"3. It may invest its capital, surplus and contingency funds over and above the amount of its policy reserves in the capital stock, bonds, bills of exchange, or other commercial notes or bills and securities of any solvent corporation which has not defaulted in the payment of any debt within five (5) years next preceding such investment. . . provided that it shall not invest. . . more than ten per cent (10%) of the amount of its capital, surplus, and contingency funds in the stock of any one corporation. . . and provided further that it shall not invest any of its funds nor take as collateral security any stock on account of which the holder or owner thereof may in any event be or become liable to any assessment except for taxes."

Under the literal provisions of these statutes, the stock of any corporation which meets the qualifications set out therein is eligible for investment by the insurance companies governed by the statutes to which you refer. The material which you have attached, containing

Hon. George B. Butler, Page 4, V-1070.

descriptions of the operations of a number of such "open-end investment companies," contains nothing which distinguishes fundamentally the stock of these concerns from that of any other corporation contemplated by the statutes. For the purpose herein inquired about, the business in which the corporation engages is not material.

Opinion No. O-3015 considered several so-called "investment trusts," some of which were apparently unincorporated; and it was there held that, in addition to the question of whether or not the certificates constituted shares of stock in a "corporation," the securities there described did not constitute "stocks" or "capital stock" within the meaning of the then existing statutes. It was concluded in that opinion that the certificates exhibited for study evidenced merely participating interests of the holders in the net profits, if any, of the issuing concern. The material submitted by you evidences no such limited interest on the part of stockholders. On the contrary, the interest of the stockholders is substantially similar to the interests normally pertaining to stockholders of other corporations. In so far as any investment corporation meets the qualifications of the cited statutes, and the shares of stock are comparable to those of other eligible corporations, Opinion No. O-3015 is not applicable.

Of course, each corporation and its stock or other securities must necessarily be individually considered. Our conclusion is, merely, that the shares of stock in incorporated "open-end" investment companies are not per se ineligible for investment under the cited statutes.

### SUMMARY

Shares of stock in incorporated "open-end" investment corporations are not per se ineligible for investment by insurance companies under Articles 4706 and 4725, V.C.S. Each such corporation and its securities must be individually considered to determine whether they meet such statutory qualifications.

APPROVED:

Joe R. Greenhill
First Assistant

Price Daniel
Attorney General

NMc:jmc

Yours very truly,

PRICE DANIEL
Attorney General

By Ned McDaniel

Ned McDaniel
Assistant